1  Duy Thai, SBN 157345
2  Benjamin Ashurov, SBN 271716
   Gamma Law, P.C
3  One Sansome Street, Suite 3500
   San Francisco, California 94104
4  Tel: 415 296-9927
5  Fax: 415.901-0512

6  Attorney for Plaintiff
   FIND THE ORIGIN, INC.
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA
10
11              SAN FRANCISCO DIVISION

12

13  **FIND THE ORIGIN, INC**., a Delaware          Case No.: _____
    Corporation,
14                                                  **COMPLAINT FOR TRADEMARK**
                             Plaintiff,             **INFRINGEMENT AND RELATED**
15                                                  **CLAIMS**
                      v.
16                                                  JURY TRIAL DEMANDED
    **ORIGIN B.V**., a Kingdom of the
17  Netherlands Corporation, and DOES 1
    through 10,
18
19                           Defendants.

20

21

22         Plaintiff Find the Origin, Inc. ("Plaintiff" or "Origin") brings this action to obtain relief for

23  trademark infringement and unfair competition by Defendant Origin B.V. ("Defendant" or

24  "OBV") arising out of Defendant's use in commerce of the trademark and service mark ORIGIN.

25  Defendant caused injury to Plaintiff, including by spending substantial amounts to promote and

26  advertise its infringing and confusing use of ORIGIN, which aggressive campaign Plaintiff would

27  have to counteract with at least an equal amount of corrective advertising. Defendant went so far,
28

upon information and belief, as to purchase the Google keyword "explore origin," which replicates and diverts from Plaintiff's website located at exploreorigin.com. Plaintiff seeks injunctive relief and damages under the laws of the United States and the State of California. For its complaint ("Complaint) against Defendant, Plaintiff hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action at law and in equity for willful trademark infringement, false designation of origin, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051 et. seq.; federal and California common law, and California Business and Professions Code § 17200 et. seq.

## PARTIES

2.      Plaintiff Find the Origin, Inc. is a Delaware corporation doing business as Origin ("Plaintiff" or "Origin"), and has its principal place of business in Boulder, Colorado. Plaintiff transacts substantial business throughout the United States and in this District.

3.      Upon information and belief, Defendant OBV is a corporation formed in the Kingdom of the Netherlands and maintains its principal place of business in Palo Alto, California. Upon information and belief, Defendant transacts substantial business throughout the United States and in this District.

4.      Plaintiff does not know the true names of defendants Does 1 through 10, inclusive, and therefore sues those defendants by such fictitious names. Plaintiff is informed and believe, and on that basis allege, that Defendants Does 1 through 10, inclusive, are responsible for the acts complained of herein. When the true names of such fictitious defendants are ascertained, Plaintiff will seek to leave of this Court to amend this Complaint to name those individuals or entities.

5.     Plaintiff is informed and believes, and on that basis alleges, that each of the defendants, including the Doe defendants, were the agent and employees of the remaining defendants and, at all times mentioned, acted within the course and scope of such agency and employment.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action under the Lanham Act of 1946, 15 U.S.C. § 11121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, which arise out of the same nucleus of operative facts as the federal law claims to which they are joined.

7.     Defendants are subject to this Court's personal jurisdiction because they reside in California and/or because they conduct business and maintain an office in this District.

8.     Venue is proper in this District under 28 U.S.C. § 1391, among other things, because the acts alleged in this Complaint occurred and continue to occur in this District, a substantial part of the events giving rise to this action occurred in this District, and the injury was caused and experienced in this District. Upon information and belief, Defendants reside and/or transact business in this District.

## INTRADISTRICT ASSIGNMENT (CIV. L. R. 3.2(c))

9.     Pursuant to CIV. L. R. 3.2(c), this action is assigned on a districtwide basis because it is an action concerning intellectual property.

## FACTUAL BACKGROUND

### Plaintiff and Its ORIGIN Mark

10.     In accordance with its founding vision, Origin invested substantial time and resources to develop a new and unique online e-commerce travel planning and reservation platform

COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS
*Find the Origin Inc. v. Origin* B.V.

for travelers to reserve a wide range of experiences and activities, including but not limited to guided tours, adventure tours, multi-day tours, walking tours, food tours, bike tours, rock climbing trips, skiing trips, camping trips, and other similar activities. Origin interacts with both service providers and travelers in handling reservations, payments, required documentation such as waivers, as well as coupons and promotions.

11.     To serve as the public-facing source identifier for its new platform, Origin selected the trademark and service mark ORIGIN.

12.     The platform was launched to the public in the fall of 2019 using the domain name exploreorigin.com, and since then it has been continuously operating in U.S. commerce. A screenshot of Origin's website is shown below:



13.     Origin is a bootstrapped startup company that now processes millions of dollars a year in travel and touring revenues from thousands of unique travelers booking their travels through the Origin platform itself or through the installed booking integration Origin provides to tour operators. With minimal outside funding and a team of only 5 full-time employees, Origin has built a world-class product helping both travelers and tour operators in all front-end and back-end aspects of travel and touring. In 2022 Origin achieved over 500% growth compared to the

previous year and is on track for similar growth in 2023. Origin was recently selected as one of seven startup companies to participate in the most recent LAUNCH Accelerator program.

14.     To protect its rights in ORIGIN, and to provide notice to others of its rights in ORIGIN, on June 20, 2019, Origin applied to register the mark ORIGIN with the U.S. Patent and Trademark Office ("USPTO").

15.     On May 31, 2020, the USPTO issued to Origin U.S. Trademark Registration No. 6025638 for the mark ORIGIN (the "'638 Registration"), registered in Class 42 for the following goods and services:

> Providing temporary use of online non-downloadable software for creating searchable databases of information and data for use in searching for and reserving services in the nature of outdoor activities; providing on-line non-downloadable computer applications and software for computer networks, websites, desktops and mobile devices, namely, software for scheduling, arranging, and coordinating meetings, private gatherings and outdoor activities; Providing temporary use of online non-downloadable software for scheduling, arranging, and coordinating meetings, private gatherings and outdoor activities; providing online non-downloadable computer applications and software for computer networks, websites, desktops and mobile devices, namely, software for creating searchable databases of information and data for use in searching for and reserving services in the nature of outdoor activities.

16.     The '638 Registration is valid and subsisting and establishes the presumption that ORIGIN is a distinctive and protectable trademark owned by Origin. A true and correct copy of the registration certificate for the '638 Registration is attached as **Exhibit A**.

17.     Origin has continued to market, promote, license, and sell its services under the ORIGIN mark, and as a result, Plaintiff has attained and now owns valuable goodwill which is symbolized by its ORIGIN mark.

18.     In addition to the common law rights granted to Origin by virtue of its longstanding use in U.S. commerce of the ORIGIN mark, Origin's federal trademark registrations entitles Origin

COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS
*Find the Origin Inc. v. Origin* B.V.

to make exclusive use of the ORIGIN mark in connection with the goods and services recited in the '638 Registration.

19.     Origin has taken care and continues to take care to build and foster the goodwill of its ORIGIN mark by, among other things, maintaining the quality of its goods and services; expending significant efforts and capital to promote and build consumer and brand awareness through advertising, promotions, and industry partnerships; registering its mark with the USPTO; and actively policing its trademark rights in order to prevent unauthorized uses and consumer confusion.

20.     In addition to providing constructive notice through its federal registrations, Origin affixes trademark notices and trademark registration notices where appropriate to provide actual notice to others of Origin's rights in the ORIGIN mark.

### Defendant's Unauthorized and Infringing Activities

21.     Upon information and belief, after Origin already launched its ORIGIN-brand platform to the public and registered its ORIGIN mark with the USPTO, Defendant OBV started offering in U.S. commerce, and is still offering, in the United States and in this judicial district an online travel planning and travel reservation platform under the identical mark ORIGIN.

22.     OBV's ORIGIN platform is used to enable travelers to plan and reserve their travel experiences online. On Crunchbase, OBV describe its product as software: "Origin is application software that provides personalized trip planning services."

23.     Upon information and belief, Defendant raised $5 million in funding in January 2022 led by prominent venture capital firms that fund technology companies. Upon information and belief, Defendant spent a substantial portion of this budget to launch an aggressive advertising

COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS
*Find the Origin Inc. v. Origin* B.V.

campaign to associate ORIGIN with OBV's services, thereby causing confusion to customers and damaging the legitimate association between ORIGIN and Plaintiff and its goods and services.

24.     Upon information and belief, OBV operates the websites origin.me. A screenshot of OBV's website is shown below:



25.     OBV describes its services on its website as follows: "We create custom-made adventures designed with unlimited personalization, using machine-learning and the expert

knowledge of world-renowned curators," and "Origin curators are travel experts with over 100 years of collective experience in the craft of travel itinerary creation."

26.      Like Origin's ORIGIN-brand platform, OBV's infringing ORIGIN-brand platform help travelers realize their desired travel and touring experiences and, through OBV's Flex program, help travel professionals handle the transactional, logistical, and financial aspects of the travel and touring business. The ORIGIN mark used by OBV is identical and confusingly similar to Plaintiff's ORIGIN mark, and it is used in connection with identical or nearly identical goods and services.

27.      Upon information and belief, Defendant purchased the Google keyword "explore origin."

28.      Upon information and belief, Defendant purchased the Google keyword "explore origin" in order to attract customers who type the search terms "explore origin" into Google's search bar.

29.      Upon information and belief, Defendant purchased the Google keyword "explore origin" in order to attract potential customers who search for Plaintiff's website exploreorigin.com.

30.      In view of these similarities and other relevant factors, the use of the ORIGIN trade name and mark by OBV is likely to cause confusion or mistake among consumers and is likely to cause consumers to have the mistaken impression or belief the parties' respective goods and services are affiliated with, associated with, connected to, or sponsored by one another. Consumers and Origin have been harmed and will continue to be harmed by such confusion, and OBV will unjustly benefit from such association, including because it will enable to it to benefit from Origin's hard-earned goodwill.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS
*Find the Origin Inc. v. Origin* B.V.

31.     Seeking to avoid further consumer confusion and infringement of its ORIGIN mark, on October 20, 2022, Origin sent OBV a letter advising OBV of Origin's trademark registration and rights in the ORIGIN mark and trade name. Plaintiff requested that Defendant cease use of the confusingly similar ORIGIN mark in connection with its travel tech business. After some discussions, the parties were unable to reach an amicable resolution and Origin now brings this action in order to obtain relief for the harm it suffered and will continue to endure as a result of OBV's unauthorized use of ORIGIN.

32.     OBV's unlawful use of the ORIGIN mark has irreparably harmed Origin, and OBV's continued expansion of that unlawful use will increase such irreparable harm.

33.     Upon information and belief, OBV plans to expand its promotion and uses of the ORIGIN mark in a manner that will, over time, cause an increased likelihood of confusion with respect to the parties' respective ORIGIN marks.

## **FIRST CAUSE OF ACTION**

### **(Federal Trademark Infringement under 15 U.S.C § 1114)**

34.     Plaintiff restates and realleges the allegations of Paragraph 1 through 31 inclusive, and the acts of Defendant asserted therein as set forth in full as part of this Cause of Action.

35.     After Plaintiff's adoption, use and registration of the ORIGIN mark, Defendant has adopted and used, and continues to use in United States commerce the mark ORIGIN in connection with goods and services that are identical or nearly identical with those of Plaintiff.

36.     Defendant has used the ORIGIN mark to offer goods and services that fall within the scope of the goods and services recited in Origin's '638 Registration.

37.     Defendant's use of an identical mark in a manner that creates a similar commercial impression, and in connection with goods and services that are identical to, competitive with,

COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS
*Find the Origin Inc. v. Origin* B.V.

similar to, related to, and/or within the zone of natural expansion of those offered by Origin in connection with its ORIGIN mark, has created a likelihood of public confusion, and in particular, tends to and does falsely create the false or mistaken impression that the parties' respective goods and services are affiliated with, approved by, or sponsored by one another, all in violation of the Lanham Act, 15 U.S.C. § 1114.

38.    The types of confusion made likely as a result of Defendant's unauthorized use of ORIGIN in the manner complained of herein include without limitation forward confusion, reverse confusion, and initial interest confusion.

39.    The designation ORIGIN, as used by Defendant, so resembles Origin's ORIGIN mark, as to be likely, when applied to Defendant's goods and services, to cause confusion, or to cause mistake, and/or to deceive.

40.    Upon information and belief, Defendant's acts of infringement have been and continue to be willful and intentional.

41.    Upon information and belief, Defendant's use of ORIGIN in U.S. commerce was made with actual and/or constructive knowledge of Origin's common law and/or registered rights in the ORIGIN mark.

42.    Defendant's unlawful acts have caused Origin irreparable injury. By reason of all the foregoing circumstances as described herein, Origin has been, and now is, and, unless the relief requested herein is granted, will hereafter be hindered or unlawfully interfered with by Defendant's use of the trademark ORIGIN in connection with goods and services which are identical, similar, or related to Origin's goods and services.

43.    Plaintiff is informed and believes that unless Defendant's conduct described herein is enjoined by this Court, Defendant will continue and expand those activities to the continued and

irreparable injury of Plaintiff. This injury includes a reduction in the distinctiveness of Plaintiff's ORIGIN mark, diversion of Plaintiff's customers and trade, interference with Plaintiff's reasonable zone of expansion, causing others to believe that the ORIGIN mark may be appropriated for their use, and injury to Plaintiff's reputation that cannot be remedied through damages, and Plaintiff has no adequate remedy at law.

44. Plaintiff is entitled to an injunction restraining and enjoining Defendant and any of its agents, servants, employees, and all persons acting thereunder, in concert with, or on its behalf, from using in commerce the ORIGIN trademark and any colorable imitation thereof.

45. Plaintiff is entitled to recover (i) Defendant's profits, (ii) Plaintiff's ascertainable damages, and (iii) Plaintiff's costs of suit.

46. Defendant's willful use of the identical ORIGIN mark without excuse or justification also entitles Plaintiff to recover its reasonable attorney's fees.

## SECOND CAUSE OF ACTION

### (False Designation or Origin and Unfair Competition under 15 U.S.C. § 1125(a))

47. Plaintiff restates and realleges the allegations of Paragraphs 1 through [], inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

48. Upon information and belief, Defendant has, through its adoption and continued willful use of the trademark and trade designation ORIGIN in connection with goods and services that are identical to, competitive with, similar to, related to, or within the zone of natural expansion of those offered by Plaintiff in connection with its ORIGIN mark, knowingly caused goods and/or services to enter into U.S. commerce with a false designation of origin, false and/or misleading description or representation of goods and/or services in commerce, with knowledge of the falsity, which is likely to cause confusion, mistake and/or deception, and in commercial advertising and

promotion, misrepresents the nature, characteristics, qualities and origin of Defendant's goods and services, and related commercial activities, in violation of 15 U.S.C. §1125(a).

49.     The types of confusion made likely as a result of Defendant's unauthorized use of ORIGIN in the manner complained of herein include without limitation forward confusion, reverse confusion, and initial interest confusion.

50.     This false designation of origin has caused and continues to cause irreparable damage to Origin, and it deceives the public.

51.     The irreparable injury to Origin will, unless restrained, further impair, if not destroy, Origin's ORIGIN mark and goodwill, and Origin has no adequate remedy at law.

52.     Origin is entitled to an injunction restraining and enjoining Defendant and any of its agents, servants, employees, and all persons acting thereunder, in concert with, or on its behalf, from using in commerce the ORIGIN trademark and any colorable imitation thereof.

53.     Origin is entitled to recover (i) Defendant's profits, (ii) Origin's ascertainable damages, and (iii) Origin's costs of suit.

54.     Defendant's willful use of the identical ORIGIN mark without excuse or justification also entitles Plaintiff to recover its reasonable attorney's fees.

### **THIRD CAUSE OF ACTION**

### **(Common Law Trademark Infringement and Unfair Competition)**

55.     Plaintiff restates and realleges the allegations of Paragraphs 1 through 52, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

56.     As more fully alleged above, Defendant's use of the ORIGIN mark in the State of California in connection with goods and services that are identical to, competitive with, related to, similar to, or within the zone of natural expansion of those offered by Plaintiff in connection with

its ORIGIN mark, constitutes unfair methods of competition, willful and intentional acts and practices, and unfair and deceptive acts and practices wherein Defendant's conduct is likely to cause confusion as to the source of Defendant's goods and services.

57.     Defendant's actions with actual or constructive knowledge of Plaintiff's trademarks in the State of California demonstrate an intent to trade on the goodwill associated with the ORIGIN mark with the intention of deceiving and misleading the consumers of its goods and services and the public to the great and irreparable injury of Plaintiff.

58.     Defendant's unlawful acts in the State of California constitute common-law trademark infringement and have created and will continue to create a likelihood of confusion to the irreparable injury of Plaintiff unless enjoined by this Court.

59.     As a result of Defendant's acts, Plaintiff has been damaged and will, unless restrained, further impair, if not destroy, Plaintiff's trademarks and goodwill, and Plaintiff has no adequate remedy at law.

60.     Origin is entitled to recover (i) Defendant's profits, (ii) Origin's ascertainable damages, and (iii) Origin's costs of suit.

61.     Defendant's willful use of the identical ORIGIN mark without excuse or justification also entitles Plaintiff to recover its reasonable attorney's fees.

62.     In doing the things described here, Defendant has acted with malice and oppression as defined in California Civil Code section 3294(c), and willfully and with the intent to cause injury to Plaintiff. Defendant is therefore guilty of malice and oppression in conscious disregard of the rights of Plaintiff, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar conduct.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS
*Find the Origin Inc. v. Origin* B.V.

**FOURTH CAUSE OF ACTION**

**(California Business and Professions Code § 17200 et. seq.)**

63.      Plaintiff restates and realleges the allegations of Paragraphs 1 through 60, inclusive, and the acts of Defendant asserted therein as if set forth in full as part of this Cause of Action.

64.      Defendant's actions with actual or constructive knowledge of Plaintiff's trademarks in the State of California demonstrate an intent to trade and do trade on the goodwill associated with the ORIGIN mark with the intention of deceiving and misleading the consumers of its goods and services and the public to the great and irreparable injury of Plaintiff.

65.      Defendant's acts, as alleged above, constitute unlawful and/or unfair business practices in violation of the California Business and Professions Code § 17200 *et. seq.* ("UCL").

66.      As a result of Defendant's acts, Plaintiff has been damaged in an amount not ascertainable, and these acts will, unless restrained, further impair, if not destroy, Plaintiff's trademarks and goodwill, and Plaintiff has no adequate remedy at law.

67.      As a direct and proximate result of Defendant's unfair competition, Defendant has been unjustly enriched in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the following relief from the Court:

1.      Entry of judgment in favor of Plaintiff's registered ORIGIN mark has been infringed by the Defendant in violation of Plaintiff's rights under the Lanham Act and in common law;

2.      Entry of judgment in favor of Plaintiff that Defendant has made false designations and competed unfairly with Plaintiff in violation of Plaintiff's rights under the Lanham Act, common law, and California statutory law;

COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS
*Find the Origin Inc. v. Origin* B.V.

3.     That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, importers, distributors, producers, any parent or subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

a. Using the ORIGIN mark or any other marks which are confusingly similar to the ORIGIN mark;

b. Producing, selling, offering for sale, distributing, or promoting any goods or services that display any words or symbols that so resemble the ORIGIN mark as to be likely to cause confusion, mistake, or deception, on or in connection with any product or service not authorized by Plaintiff, including the goods and services which are the subject of this Complaint;

c. Falsely representing an association or connection with Plaintiff, the ORIGIN mark and/or Plaintiff's goods and services;

d. Using any logo, trade name, trademark, or service mark, which may be calculated to falsely represent, or which has the effect of falsely representing, that goods and/or services of Defendant are sponsored by, authorized by or in any way associated with Plaintiff;

e. Otherwise unfairly competing with Plaintiff, or infringing Plaintiff's rights in and to the ORIGIN mark; and

f. Submitting to the U.S. Patent and Trademark office any trademark application for any mark which consists in whole or in part of the character string O-R-I-G-I-N in connection with Defendant's goods and services and any other goods and services

COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS
*Find the Origin Inc. v. Origin* B.V.

which, when used in connection with the ORIGIN mark, create a likelihood of confusion with the respect to Plaintiff's ORIGIN mark and registration.

4.      An order requiring Defendant to remove the ORIGIN mark from use any websites, physical or electronic advertisements, collateral, or promotional materials bearing, and to perform corrective advertising to dissipate and remove any confusion;

5.      An order requiring Defendant to file with this Court and serve on Plaintiff, within a set period of time not to exceed thirty (30) days from the date of the injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

6.      An order requiring Defendant to pay to Origin such damages as Origin has sustained as a consequence of Defendant's infringement of Origin's registered and common law ORIGIN mark, false advertising, and unfair competition and to account to Origin for all gains, profits and advantages derived by Defendant by virtue of its infringement, and/or that Plaintiff be awarded Defendant's profits pursuant to 15 U.S.C. § 1117, and state common and statutory law, plus prejudgment interest;

7.      An order increasing the monetary award to Plaintiff based on willful infringement by Defendant pursuant to 15 U.S.C. § 1117;

8.      An order awarding to Plaintiff punitive damages in an amount sufficient to punish Defendant and deter future similar injurious activities;

9.      That the Court find this case to be exceptional and award reasonable attorneys' fees to Plaintiff;

10.     Adjudge that Plaintiff has and recover its costs in this suit;

11.     An order requiring Defendants to produce an accounting of and impose a constructive trust on all of Defendant's funds, profits, and assets that arise out of the activities complained of herein; and

COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS
*Find the Origin Inc. v. Origin* B.V.

12.     An order requiring Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, importers, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control be required to deliver up for destruction all advertising, promotional, point of sale, and any other materials bearing the infringing mark.

13.     An award of corrective advertising, which is necessary and appropriate to counteract the beliefs created and reinforced by Defendant's false and misleading advertisements, which misbeliefs are likely to linger into the future absent such corrective advertising;

14.     For general, special, actual, and/or statutory damages in an amount to be determined at trial.

15.     For treble damages.

16.     That Plaintiff have such other and further relief as this Court shall deem just and proper on the merits.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues alleged in this Complaint.


Dated: March 27, 2023                          Gamma Law, P.C.


                                               /S/_____
                                               Duy Thai, SBN 157345
                                               Benjamin Ashurov, SNB 271716
                                               Attorney for Plaintiff
                                               Find the Origin, Inc.

## ATTESTATION

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.